## Weiler, Assignee of Smith, *versus* Coleman *et al.*

1. Under the Act of April 10th 1862, for the protection of logs on the Susquehanna, evidence that the stamps were those of a plaintiff in replevin, *regularly registered*, is not *essential* to prove that the logs were his property.

2. That the plaintiff was engaged in lumbering on a tributary of the West Branch of the Susquehanna, that the logs were stamped with his mark, that no other logs had been known to be so stamped, and no other person had ever claimed from the boom company logs so stamped, was presumptive evidence that the logs were his.

March 26th 1872.   Before THOMPSON, C. J., SHARSWOOD and WILLIAMS, JJ.   AGNEW, J., at Nisi Prius.

Error to the Court of Common Pleas of *Lycoming county :* No. 288, to January Term 1871.

This was an action of replevin issued, September 19th 1868, by David A. Smith against Fletcher Coleman and others for 80,000 feet of pine lumber.   The plaintiff having afterwards made an assignment to James Weiler for the benefit of creditors, the assignee was substituted as plaintiff.

On the trial, October 25th 1870, before Gamble, P. J., the plaintiff gave evidence that he was engaged in lumbering in Potter county on Slate run, a tributary of Pine creek, which empties into the West Branch of the Susquehanna.   In 1863, D. Rader was doing business for him, but was not his agent.

The plaintiff then made the following offers of evidence, all of which were rejected by the court, and several bills of exception sealed :—

1. The record of the Court of Common Pleas of Lycoming county, Pa., to show the registry of the log marks of D. A. Smith, under the provisions of the Act of April 10th 1862, said statement and certificate having been filed and registry made April 25th 1863.

The certificate was as follows :—

" To C. D. Eldred, Esq.,
                Prothonotary, &c.

" Agreeably to the provisions of the Act of Assembly of the 10th day of April, A. D. 1862, the undersigned has adopted and now states to you as his mark of designation, to be placed upon his logs, &c., to be floated upon the Susquehanna river to the boom at Williamsport, the letters ' U T' and also the figure (a brace and bit).

" I do further certify that such marks have been adopted and will be used by me.   April 17th 1863.
                          " S. D. RADER, for D. A. Smith."

2. Plaintiff renewed the offer, to be followed by evidence that the lumber in dispute was replevined at Coleman's mill, along the

[*Weiler v. Coleman.*]

bank of the West Branch of the Susquehanna river, and sawed from logs floated down said stream into the Susquehanna boom at Williamsport, and from thence taken to said mill; and said logs being marked U T and "brace and bit."

3. Certified copy and exemplification of record of Court of Common Pleas of Lycoming county of the log-marks of David A. Smith, under provisions of the Act of 10th April 1862, entitled "An act for the more effectual protection of the owners of logs and lumber on the Susquehanna river;"—and this to show that U T and "brace and bit" were the registered marks of said Smith, and as evidence that he was the owner of logs so marked, and to be followed by evidence that said logs were not registered in the name of any other person or persons whatever, and by other evidence that defendants caused their own marks to be stamped over the marks of said Smith, and that the logs so restamped were taken by defendants' agents from the Susquehanna boom to Coleman's mill and converted into lumber, which lumber was replevined at said mill upon the writ issued in this case.

4. To prove that David A. Smith was engaged in lumbering upon the West Branch of the Susquehanna river and its tributaries from 1862 to 1870, inclusive; that during all that time he used the marks U T and "brace and bit" upon all of his logs, and that no other person or persons ever used said marks;—and this as evidence to show property in David A. Smith in the logs from which this lumber was manufactured.

5. To prove by John Davis that he has constantly worked upon the Susquehanna boom for the past ten years and upwards; that during all that time the marks U T and "brace and bit" were recognised by the officers of the boom company as the property of D. A. Smith, and that no other person ever claimed ownership in logs so marked; and this as evidence to show property in logs so marked in D. A. Smith.

The jury, under the direction of the court, found a verdict for the defendants.

The plaintiff took a writ of error, and assigned for error the rejection of his offers of evidence and the instruction of the court.

The Act of April 10th 1862, Pamph. L. 383, 2 Br. Purd. 960, pl. 19, &c., provides:—

"Sect. 1. That it shall and may be lawful for any person or persons, party or company, engaged in lumbering, in any manner, upon the West Branch of the river Susquehanna, or any of its tributaries, to adopt one mark of designation, which mark may be either in letters, figures, words, names or other devices, at the discretion of such person, party or company, wherewith to stamp or mark all logs, &c., or other lumber, put, or intended to be put, in said stream or its tributaries, to be run, &c., to any mill, booms or markets anywhere, at or above the Susquehanna boom at Wil-

[Weiler *v.* Coleman.]

liamsport, and to furnish to the prothonotary of the Court of Common Pleas at Williamsport, in the county of Lycoming, or other county where the said kinds of lumber shall be put into said stream or tributary, a statement, in writing, of the mark so adopted, as aforesaid, with a certificate appended, that the same has been so adopted as a mark of designation, as aforesaid, signed by the person, party or some officer of the company adopting the same, as aforesaid; and no person, party or company shall be entitled to adopt more than one of any of the kinds of marks aforesaid as a mark of designation, but any such person, party or company shall not be prohibited from using any other mark or marks, in addition to the mark of designation, for distinguishing different kinds or lots of lumber, or lumber obtained from different localities, so always as that it interferes not with the mark of designation of any other person, party or company; and it shall be the duty of the prothonotary aforesaid to receive and file of record, in his office, any mark stated and certified as aforesaid, and to give a certificate thereof to the person filing the same, and certificates thereof, from time to time, to any person demanding the same, under his hand and seal of the court; * * * and the said certificates shall be primâ facie evidence of the right of the person, party or company filing the same, to the use of the mark mentioned therein, and that all logs, &c., in and along said streams, or in and along the main river Susquehanna, are the property of the person, party or company whose mark of designation, duly registered, as aforesaid, shall be thereon, the right to the use of any mark of designation, as aforesaid, and no mark of designation, as aforesaid, shall be received or filed, or certificate given therefor, by the prothonotaries aforesaid, if the same shall have been previously registered—it being the true intent and meaning of this act to prevent the use of the same mark of designation by more than one person, party or company.''

*C. D. Emery*, for plaintiff in error.

*W. H. Armstrong* and *S. Linn*, for defendants in error.

The opinion of the court was delivered, October 17th 1872, by WILLIAMS, J.—If it be conceded that the record of the log-mark adopted by the plaintiff's assignor was not admissible in evidence under the Act of 10th April 1862, because the certificate required by the act was not signed by him, but by his agent, it does not follow that the other evidence offered in support of his title to the lumber, ought not to have been received as primâ facie evidence of ownership.

The replevin was for four piles of white pine lumber at defendant's saw-mill, containing about eighty thousand feet, which the plaintiff alleged had been sawed out of logs belonging to his

[Weiler *v.* Coleman.]

assignor, David A. Smith. In order to show his ownership of the logs, the plaintiff offered to prove that Smith was engaged in lumbering upon the West Branch of the Susquehanna river, and its tributaries, from 1862 to 1870; that during all that time he used the mark U T and brace and bit upon all his logs, and that no other person or persons ever used said mark; that it was recognised by the officers of the Susquehanna Boom Company as the property of said Smith, and that no other person ever claimed ownership of logs so marked; that the lumber in dispute was replevined at the defendants' saw-mill, along the West Branch of the Susquehanna river, and sawed from logs floated down said stream into the Susquehanna boom at Williamsport, and from thence taken to said mill—said logs being marked U T and brace and bit; that they were not registered in the name of any other person or persons whatsoever, and that defendants caused their own mark to be stamped over the mark of said Smith, and that the logs so re-stamped were taken by defendants' agents from the Susquehanna boom to the defendants' mill, and converted into the lumber replevied at said mill upon the writ issued in this case. This is the substance of the evidence offered by the plaintiff, and we think that it should have been allowed to go to the jury. If the assignor was engaged in lumbering, as stated in the offers, and if he stamped all the logs which he cut in the forest and prepared for market, with his mark, how could he show title to them, after they were floated down the river, and caught with other logs in the boom at Williamsport, except by showing that they had his mark on them, and the mark of no other person, denoting their ownership? If they were not his logs, why were they stamped with his mark? The presumption is always in favor of honesty; and if so, the reasonable inference would be, that the logs were rightfully in his possession, when he stamped them, and that he stamped them with his mark because he owned them. The evidence offered was, therefore, sufficient to make out a primâ facie case of ownership without showing that he purchased the logs, or that he was the owner of the land on which they were cut. If it had been received, it would have been incumbent on the defendants, if they stamped their mark over the plaintiff's when the logs were in the boom, and afterwards took them to their mill and sawed them into lumber, to show a better title than that shown by the plaintiff, otherwise he would have been entitled to recover.

Judgment reversed, and a *venire facias de novo* awarded.